Willie Bolden, the petitioner, was arrested on October 18, 1977 for the offense of first degree burglary, which he had allegedly committed earlier that morning. The Tuscaloosa County Grand Jury indicted Bolden on November 4, 1977, and he was arraigned on November 9. At the time of the alleged offense, and at his indictment and arraignment, Bolden was seventeen years of age.
Beginning January 1, 1978 the age below which individuals are entitled to treatment as juveniles was raised from seventeen to eighteen. Section 12-15-1 (3)(b), Code of Alabama 1975. Since Bolden was still seventeen,[1] he filed a motion to transfer the proceedings to juvenile court on February 16, 1978. The trial judge denied the motion on March 3, and Bolden petitioned the Court of Criminal Appeals for a writ of mandamus, which was denied on March 22. This Court granted Bolden's petition for writ of certiorari on April 4, 1978.
The issue presented in this case is one of first impression: Is an individual entitled to treatment as a juvenile when he fits the definition of a "child" at the time of his trial, though he did not fit the definition of a "child" at the time of his alleged offense? After a thorough review of the Alabama statutes governing juvenile proceedings,[2] we must answer this question in the negative, and we affirm the decision of the Court of Criminal Appeals.
The Judicial Article Implementation Act, Act No. 1205, Regular Session 1975, repealed the prior law governing juvenile proceedings and replaced it with a new article governing such proceedings. Under the prior law the juvenile court had original and exclusive jurisdiction over a "delinquent child," which was defined as a child who commits a criminal offense while under the age of sixteen. Title 13, sections 350 (3), 351, Code of Alabama 1940 (Recomp. 1958). However, only those individuals who were under sixteen when brought before the circuit court on criminal charges were required to be transferred to the juvenile court. Id. § 363. Thus, under these prior statutes the determination of the defendant's age for purposes of juvenile court jurisdiction was made at the time of trial. Davis v. State, 259 Ala. 212, 66 So.2d 714 (1953);Mayton v. State, 52 Ala. App. 626, 296 So.2d 249 (1974). *Page 796 
The new chapter on juvenile proceedings changed these provisions in two ways. First, the jurisdictional age was increased from sixteen to seventeen when the chapter became effective, and after December 31, 1977 it was further increased to eighteen:
"(3) CHILD.
 "a. Such term, before January 1, 1978, means an individual under the age of 17 or under 19 years of age who committed the act of delinquency with which he is charged before reaching the age of 17 years.
 "b. Such term, after December 31, 1977, means an individual under the age of 18 or under 19 years of age and who committed the act of delinquency with which he is charged before reaching the age of 18 years."
Section 12-15-1, Code of Alabama 1975 (emphasis added). Second, the above-quoted definition of "child" and the transfer statute quoted below require the defendant's age for purposes of juvenile court jurisdiction to be determined at the time of the alleged crime:[3]
 "If it shall be ascertained during the pendency of a criminal or quasi-criminal charge that a defendant was a child, as defined in this chapter, at the time of the alleged offense, that court, which shall have the duty to ascertain such age, shall forthwith transfer the case, together with all the papers, documents and transcripts of any testimony connected therewith, to the juvenile court. . . . All action taken by the court prior to transfer of the case shall be deemed null and void unless the juvenile court transfers under section 12-15-34."
Id. § 12-15-33 (a) (emphasis added). Thus, these provisions clearly require an individual's status as a "child" to be determined at the time of the alleged offense under the definition of "child" then in effect.
However, petitioner argues that after December 31, 1977, when the maximum age for juvenile jurisdiction was raised to eighteen, the juvenile court had "exclusive original jurisdiction" over petitioner's proceedings under section 12-15-30 (a)(1), Code of Alabama 1975. Therefore, petitioner would have the trial judge, under the transfer provision in section 12-15-33 (a), apply the current definition of "child" — not the definition in effect when the alleged offense occurred — to determine whether the petitioner was entitled to treatment as a juvenile.[4]
An adoption of the petitioner's construction of these provisions would result in the automatic transfer of cases from the trial courts to the juvenile courts after December 31, 1977 — a result not provided for nor intended by the Legislature. At a time when judicial economy is an important legislative goal, we do not believe the Legislature intended that the indictment and arraignment of a minor, over whom the trial court had proper jurisdiction, should become null and void under section 12-15-33 (a) due to the transition in age limits on January 1, 1978.
The circuit court retains jurisdiction over the petitioner in this case because, at the time of the alleged offense, the petitioner did not fit within the definition of "child" then in effect. Any other construction placed upon these provisions would create chaos in our criminal justice system.[5] The *Page 797 
decision of the Court of Criminal Appeals is hereby affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] Bolden will become eighteen on June 6, 1978.
[2] Title 12, chapter 15, Code of Alabama 1975. These provisions will be referred to hereinafter as the chapter on juvenile proceedings.
[3] This legislative judgment brings Alabama in line with the majority of American jurisdictions. See S. Davis, Rights ofJuveniles: The Juvenile Justice System § 2.03, at 13 (1974).
[4] Petitioner cites as authority in support of his argument the case of Brown v. State, 353 So.2d 1384 (Ala. 1977). In Brown
the trial court transferred a defendant to juvenile court after the new chapter on juvenile proceedings became effective (age limit increased to seventeen). However, the court in Brown did not discuss the propriety of this transfer; the case dealt with the correctness of the juvenile court's transfer of the defendant back to the trial court.
[5] For example, if the petitioner's contentions were upheld, what would be the status of those statements taken voluntarily from the minor without counsel prior to the transition date of January 1, 1978? Would the § 12-15-67, Code of Alabama 1975, prohibition relate back to these prior statements, or would an anomaly be created, wherein the minor was entitled to juvenile treatment but was not entitled to the full protection guaranteed a juvenile under Alabama law? The only way to avoid inconsistencies in the interpretation of the chapter on juvenile proceedings is to determine its applicability by the defendant's age at the time of the alleged offense according to the definition in effect at that time. Once resolved, this jurisdictional question should not be re-examined absent a clear mandate from the Legislature.