We granted the Petition for Certiorari to review the opinion of the Court of Criminal Appeals, which reversed Defendant's conviction and sentence of death on the ground that the trial Court erred in admitting Defendant's confession into evidence.
The Facts: Defendant, age 17, committed a capital offense August 14, 1977. Alabama's Juvenile Code, increasing the age of "child" from 16 to 18 and requiring presence of a lawyer to render a confession admissible, became effective January 1, 1978.[1] She made her confession, without the presence of a lawyer, on January 23, 1978, which was admitted as evidence in her trial in April, 1978, shortly before her 18th birthday.
The Issue: Did the change of definition of "child" — from 16 to 18 years of age — between time of commission of offense to time of confession render the confession, given in compliance with Miranda, but in violation of the Juvenile Code, inadmissible? Stated another way, does the law in effect at the time of the commission of the offense or at the time of the making of the confession govern the confession's admissibility?
The Holding: Counsel for the State and the Defendant acknowledge, and we agree, *Page 124 
that the answer is not to be found in any explicit expression of the Juvenile Code (T. 12, Ch. 15, Code 1975). In affirming the Court of Criminal Appeals in Ex parte Bolden, 358 So.2d 795
(Ala. 1978), this Court held that a 17-year old defendant who committed an offense prior to January 1, 1978, and was tried after that date was not entitled to be treated as a juvenile. In other words, although he fit the definition of "child" at the time of trial, he was not entitled to treatment as a juvenile because he did not fit the definition of child at the time of his alleged offense.
Admittedly, this case presented an added dimension. The incident of the Defendant's confession — the subject matter under review — did not take place until after the effective date of the current Juvenile Code, and, as there defined, Defendant was a "child." The argument for a different result from that obtained in Bolden is a persuasive one. But our reading of the entire Juvenile Act convinces us that the fundamental issue is a jurisdictional one; and, when so viewed, we are constrained to adhere to the interpretation consistent with our holding in Bolden. Absent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold. There was no error in admitting the Defendant's confession under the circumstances of this case. We reverse and remand to the Court of Criminal Appeals.
Upon remand of this cause, the Court of Criminal Appeals is instructed to further review the entire record of the proceedings below, including the propriety of the sentence of death.
REVERSED AND REMANDED TO COURT OF CRIMINAL APPEALS WITH INSTRUCTIONS.
All the Justices concur.
[1] This 2-year advance in age was accomplished in two stages:
 "a. [Child] before January 1, 1978, means an individual under the age of 17. . . ."
 "b. . . . after December 31, 1977, [child] means an individual under the age of 18. . . ." Code 1975, 12-15-1 (3) a, b.