The defendant was convicted for burglary in the second degree and sentenced to ten years' imprisonment.
 I
The trial judge properly allowed the defendant and the State an equal number of strikes even though the statute in effect at the time the crime occurred provided that the defendant would strike two prospective jurors for each strike exercised by the district attorney. We specifically addressed this issue inHaynes v. State, 424 So.2d 669 (Ala.Cr.App. 1982), wherein we relied on South v. State, 86 Ala. 617, 6 So. 52 (1889). *Page 683 
In Bracewell v. State, 401 So.2d 123 (Ala. 1979), our Supreme Court held that the law in effect at the time of the commission of the offense governs the confession's admissibility. "Absent a clear expression in the statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold." 401 So.2d at 124.
In Hansen v. State, 375 So.2d 564 (Ala.Cr.App. 1979), this Court followed Bracewell and held that the calling of the jury venire and the selection of juries were governed by the statutes in effect on the date of the commission of the offense charged.
Neither Bracewell nor Hansen dealt with the particular issue and statute involved in this case. Those cases must be limited to their specific holdings. Since South answered the very issue presented here, we feel compelled to adhere thereto.
 II
The defendant argues that "(a) most serious question is presented in that the record fails to show that the trial judge called the Youthful Offender Act to the attention of the Defendant." (Emphasis added.)
A judgment entry reflects that upon arraignment the defendant, with appointed counsel, "waives youthful offender status, and being arraigned . . . pleads not guilty."
We agree that the trial judge owes an affirmative duty to apprise an accused youthful offender of the benefits of the Youthful Offender Act. Bledsole v. State, 409 So.2d 924, 926
(Ala.Cr.App. 1982); Johnson v. State, 55 Ala. App. 579,317 So.2d 546 (1975). However, here, in view of the judgment entry reciting that the defendant waived youthful offender status, we can only reasonably conclude that the act had been called to the defendant's attention. Bledsoe. We distinguish this case from one where the record is silent as to whether or not the accused waived youthful offender treatment. We also note that this matter is raised for the first time on appeal.
 III Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), does not require that a suspect have been warned that he has the right to stop answering questions at any time before being subjected to custodial interrogation by a law enforcement officer. Crowe v. State, 54 Ala. App. 121, 126,305 So.2d 396 (1974); Green v. State, 45 Ala. App. 549, 551-52,233 So.2d 243 (1970).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.