This is an appeal from the denial of a petition for post-conviction relief. Joseph Edward Hobbie alleges that in March 1975, he was sentenced to two terms of imprisonment for two cases of robbery. Hobbie now argues that he was 16 years of age at the time of the offense and that he was not advised of his "constitutional and statutory rights" concerning juveniles found in Ala. Code 1975, § 12-15-1 et seq.
The circuit court denied the petition "pursuant to Rule 20.2(c)." Although the petition was filed in November 1989, the issue concerning jurisdiction was not precluded by the two-year limitations period of Rule 20.2(c), A.R.Cr.P.Temp. The petitioner "is attacking the subject matter jurisdiction of the court that convicted him." Ex parte Ward, 540 So.2d 1350, 1351
(Ala. 1988). "[A] defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter." City of Dothan v. Holloway,501 So.2d 1136, 1139 (Ala. 1986). Even though the petition was denied for the wrong reason, the denial of the petition was proper.
The provisions found in Title 12, Chapter 15, of Ala. Code of 1975, are a portion of the Judicial Article Implementation Act that followed the adoption of the Judicial Article of the Alabama Constitution. See 1975 Ala. Acts, Act No. 1205, §§ 5-101 through 5-153. This act became effective on October 10, 1975, Ex parte Ward, 540 So.2d 1350, 1352 (Ala. 1988), which was after Hobbie's conviction and sentence in March 1975. "Absent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold." Bracewell v.State, 401 So.2d 123, 124 (Ala. 1979), cert. denied,401 So.2d 130 (Ala.), vacated on other grounds, 449 U.S. 915,101 S.Ct. 312, 66 L.Ed.2d 143 (1980); In re Bolden, 358 So.2d 795 (Ala. 1978) (The defendant, who did not fit definition of a "child" at time of his offense, was not entitled to treatment as a juvenile, even though he fit definition of a "child" at time of his trial.). *Page 99 
Prior to the Judicial Article Implementation Act, a "child" was an individual who committed a criminal offense while under the age of 16. Bolden, 358 So.2d at 795. Consequently, Hobbie, who was 16 at the time, was not entitled to be treated as a "child."
Hobbie also maintains that he should have been treated as a youthful offender pursuant to Ala. Code 1975, § 15-19-1 et seq. There is no indication that Hobbie filed a motion to withdraw his guilty plea or that he took a direct appeal from his conviction. We find that the failure to advise a defendant of his right to request youthful offender treatment is not a matter involving subject matter jurisdiction and is one which may be waived by the failure to object. "A defendant's failure to present to the trial court the claimed error in a timely manner precludes him from challenging his guilty plea on appeal. Willis v. State, 500 So.2d 1324, 1325 (Ala.Cr.App. 1986)." Benefield v. State, 513 So.2d 107 (Ala.Cr.App. 1987) (defendant's failure to request withdrawal of guilty plea because of misinformation concerning range of punishment precludes him from raising issue on appeal). We consider the failure to advise a defendant of his right to request youthful offender treatment an issue which may be precluded by the expiration of the two-year limitations period of Rule 20.2(c).
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.