This is an appeal from the grant of a petition for writ of habeas corpus to vacate two concurrent 10-year sentences which Joseph Edward Hobbie received in 1975 for two robberies that he committed at the age of 16.
The trial court held that the Montgomery County Circuit Court was without subject matter jurisdiction to try Hobbie as an adult for the two robberies because the family relations division of the Montgomery County Circuit Court, which had exclusive and original jurisdiction of these cases and which had formally accepted Hobbie for treatment as a juvenile, never transferred his cases to circuit court for trial as an adult. We agree.
Based upon an affidavit filed in the City of Montgomery Municipal Court on May 18, 1974, which charged Hobbie with the armed robbery of a convenience store on February 21, 1974, the municipal judge issued and served a warrant of arrest on Hobbie for the offense of robbery. A hearing was held in municipal court on May 22, 1974, and Hobbie was bound over until the next term of the Montgomery County grand jury.
On July 11, 1974, Hobbie was indicted by the Montgomery County grand jury for the robbery of $33 from Helen Page. On July 15, 1974, Hobbie filed a petition to transfer this case from the Montgomery Circuit Court to the Juvenile Court of Montgomery *Page 614 
County because Hobbie was under the age of 18 and over the age of 16. On July 16, 1974, Judge William F. Thetford, of the Juvenile Court of Montgomery County, accepted Hobbie for treatment as a juvenile in this case.
The docket sheet reflects that also on July 16, 1974, Hobbie was arraigned before Judge Crossland of the Montgomery Circuit Court and pleaded not guilty and not guilty by reason of insanity to the charge of robbery.
According to a docket sheet entry, Hobbie again appeared before Judge Crossland on August 15, 1974, and the motion for transfer to juvenile court was withdrawn in open court. Hobbie filed a petition for youthful offender status, and his case was continued to August 22, 1974, to allow time for the filing of a report and the determination of youthful offender status.
On September 20, 1974, Hobbie appeared before Judge Crossland and his request for treatment as a youthful offender was refused. Hobbie then pleaded not guilty and not guilty by reason of insanity and his case was set for trial at the next term of court.
On November 6, 1974, Hobbie was indicted by the Montgomery County grand jury for the robbery of $101 from Mary Dingler.
On November 12, 1974, Hobbie appeared before Judge Embry of the Montgomery Circuit Court and pleaded not guilty and not guilty by reason of insanity to the second robbery indictment. Both robbery cases were then set for trial on December 11, 1974. On December 11, 1974, both robbery cases were continued until March 4, 1975.
On March 4, 1975, Hobbie appeared before Judge Carter of the Montgomery Circuit Court, and he changed his pleas of not guilty in both robbery cases to guilty pleas. Judge Carter then sentenced Hobbie to two concurrent 10-year terms of imprisonment in the state penitentiary.
In a letter to Hobbie dated September 12, 1975, Hobbie's counsel, John D. Cates, Jr., stated that although Hobbie was accepted as a juvenile by Judge Thetford, Judge Crossland denied the transfer to juvenile court and further denied Hobbie youthful offender status. Cates stated that he was unable to do anything at this time to reduce Hobbie's sentences or to have him transferred to juvenile court.
On April 1, 1976, Hobbie filed a petition for error coram nobis with the Montgomery Circuit Court alleging, inter alia, 1) that juvenile court had accepted him and had jurisdiction of his cases, 2) that defense counsel did not inform him of the juvenile court acceptance, and 3) that the prosecutor failed to honor the terms of the plea bargain agreements.
On June 29, 1976, Judge Thetford, now acting in his capacity as a circuit judge of Montgomery County, denied the petition, after a hearing, on the ground that Hobbie's guilty pleas were not conditioned upon his being incarcerated in the Frank Lee Youth Center. At the advice of new counsel, no appeal was taken from this ruling.
In 1977, Hobbie was convicted of the first-degree robbery of $900 and Schedule II drugs and was sentenced to 10 years' imprisonment, based, in part, upon his two prior felony convictions. An appeal was taken, but no brief was filed on behalf of Hobbie. Hobbie's counsel then filed an application for rehearing, which was denied. Hobbie v. State, 365 So.2d 685
(Ala.Cr.App. 1978).
In 1982, Hobbie was convicted of the offense of receiving stolen property in the second degree and was sentenced to 15 years' imprisonment, based, in part, upon his three prior felony convictions. In 1988, Hobbie was indicted for receiving stolen property and for fraudulent use of a credit card. In a plea bargain agreement, the charge of receiving stolen property was reduced to burglary in the third degree, and Hobbie pleaded guilty to burglary in the third degree and fraudulent use of a credit card. Hobbie was then sentenced as a habitual offender with four prior felony convictions to two concurrent terms of 16 years' imprisonment.
On April 20, 1989, Hobbie filed a petition for post-conviction relief pursuant to Rule 20, A.R.Cr.P.Temp., which alleged, inter *Page 615 alia, that the circuit court had been without jurisdiction to render judgment or impose sentence with respect to the 1975 robbery convictions. On April 28, 1989, Judge Randall Thomas of the Montgomery Circuit Court entered an order denying the petition on the ground that the petition was not filed within the two-year statutory limitations period prescribed by Rule 20.2(c), A.R.Cr.P.Temp. No appeal was taken from this ruling.
On November 17, 1989, Hobbie filed a petition for the writ of error coram nobis, alleging inter alia, that the circuit court had been without jurisdiction to render judgment and impose sentence with respect to the 1975 robbery convictions because the juvenile court, which had original and exclusive jurisdiction in the 1975 cases, had accepted him as a juvenile. On December 14, 1989, Judge Thomas entered an order denying the petition on the ground that the petition was not filed within the two-year limitations period prescribed by Rule 20.2(c), A.R.Cr.P.Temp.
Following the denial of his motion for reconsideration, Hobbie then appealed Judge Thomas's order of December 14, 1989, to this Court on January 19, 1990. We affirmed the denial of the petition, based on the grounds that 1) that the provisions found in Title 12, Chapter 15, of the Code of Alabama 1975 had not been enacted at the time Hobbie committed the robberies for which he was convicted in 1975; 2) that the law in effect at the time Hobbie committed the 1974 robberies limited juvenile treatment to individuals who committed a criminal offense whileunder the age of 16; and 3) that the two-year limitations period of Rule 20.2(c), A.R.Cr.P.Temp., precluded review of the failure to advise Hobbie of his right to request youthful offender treatment. Hobbie v. State, 564 So.2d 97
(Ala.Cr.App. 1990).
On May 21, 1990, Hobbie filed a petition for writ of habeas corpus in the Elmore County Circuit Court, alleging, interalia, that 1) that the sentencing court of the Montgomery Circuit Court, would be biased against him, and 2) that the Montgomery Circuit Court was without jurisdiction to render judgment and impose sentence with respect to the 1975 robbery convictions because the juvenile court, which had original and exclusive jurisdiction of the 1974 robbery cases and which had accepted Hobbie as a juvenile, had not transferred his cases, after a formal hearing, to the circuit court for trial as an adult.
The habeas corpus petition was transferred to Judge Thomas in the Montgomery Circuit Court. After several extensive evidentiary hearings, Judge Thomas entered an order granting Hobbie the relief sought in his petition, vacating the two 1975 robbery sentences and scheduling a new sentencing hearing for Hobbie with respect to his 1988 convictions.[1] The State appealed, and the sentencing hearing was stayed pending appeal.
At the outset, the State contends that Hobbie's habeas corpus petition is barred by the two-year limitations period of Rule 20.2(c), A.R.Cr.P.Temp. We disagree. Hobbie "is attacking the subject matter jurisdiction of the court that convicted him."Ex parte Ward, 540 So.2d 1350, 1350-51 (Ala. 1988). "[A] defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter." City of Dothan v. Holloway, 501 So.2d 1136, 1139
(Ala. 1986).
Act No. 250, effective October 1, 1959, Gen. Acts of 1959, p. 810, codified at 14A Appx., § 413(1) et seq., Code of Alabama 1940 (Recomp. 1958), governed the treatment of juveniles who committed criminal offenses in Montgomery County in 1974. This act created a family relations division of the Circuit Court in counties having a certain population, including Montgomery County. Act. No. 1584, approved September 20, 1971, Ala. Acts of *Page 616 
1971, p. 2705, and Act No. 1664, effective September 1, 1971, Ala. Acts of 1971, p. 2812, amended Act No. 250.
Act No. 250, as amended, provided in Section 1 as follows:
 "The family relations division of the circuit court shall also have and exercise original and exclusive jurisdiction over juveniles for the . . . enforcement of Chapter 7 of Title 13 of the 1940 Code of Alabama. . . . For the purposes of this Act, a juvenile is defined as any boy or girl who has not reached his or her eighteenth birthday."
Section 12 of Act No. 250, as amended, provided:
 "Whenever a family relations division of the circuit court has been organized pursuant to this Act and is ready to function in any county within the influence of this Act, the juvenile court or any other special court having jurisdiction only of juveniles and matters involving domestic relations in such counties, either or both, is hereby abolished, and any general, special, or local law creating such court is as to such county superseded and repealed. All cases or causes pending in any such court when this Act becomes effective in any county of this state shall be forthwith transferred to the family relations division of the circuit count of such county. A certificate from the judge of the family relations division of a circuit court, stating that such court has been duly organized and is ready to function shall be authority for the transfer of all cases then pending in the juvenile court or any other court abolished by this Act to the family relations division of the circuit court of such county."
Section 15 of Act No. 250, as amended, prescribed the following procedure for the transfer of cases from the family relations division to the circuit court of the county:
 "If at any time, after thorough investigation or exercise of his disciplinary measure, the Judge of said Court shall be convinced that a delinquent child more than fourteen years of age brought before it under terms of this chapter cannot be made to lead a correct life and cannot be properly disciplined under the provisions of this chapter, or where the court deems it contrary to the best interest of the public to retain jurisdiction, the court shall have authority to transfer the case of such delinquent to the county having jurisdiction of the offense, with which said child is charged, there to be proceeded against according to law."
Title 13, § 350(3), Code of Alabama 1940 (Recomp. 1958), also in effect at the time Hobbie committed the two robberies in 1974, defined the term "delinquent child" as "any child who while under sixteen years of age violates any penal law of the United States or of this state."
Title 13, § 351, Code of Alabama 1940 (Recomp. 1958), conferred "original and exclusive jurisdiction of all proceedings coming within the provisions and terms of this chapter" upon the probate courts of the several counties of the state, "except in those counties in which special courts having exclusive jurisdiction over children within specified age limits and for the purposes declared in this chapter have been or shall hereafter be established by special acts of the legislature. . . ."
Because in 1974 Montgomery County was a county in which a special family relations division of the circuit court was established having exclusive jurisdiction of children under 18 years of age, Hobbie, who was 15 years of age when he committed the 1974 robberies, would be deemed a "juvenile" and would come within the protection of this legislation.
Because, moreover, the family relations division of the Montgomery Circuit Court formally accepted Hobbie as a juvenile in 1974,[2] the family relations division was required to resolve two questions before transferring Hobbie back to circuit court *Page 617 
pursuant to § 15 of Act No. 250, as amended:
 "First, the court must decide whether the child is a delinquent child. If the state fail to prove by competent evidence that defendant is delinquent, then the case would appear to be at an end.
 "Second, the court must decide, after thorough investigation or exercise of its disciplinary measures, whether the child can be made to lead a correct life and can be properly disciplined under the provisions of Chapter 7, Title 13. If the state fails to prove by competent evidence that the child cannot be made to lead a correct life and cannot be properly disciplined as aforesaid, then the court cannot so find and a decree ordering transfer to a court other than a juvenile court is erroneous."
Seagroves v. State, 279 Ala. 621, 623, 189 So.2d 137, 139
(1966) (construing the parallel language contained in Madison County special legislation).
In the instant case, the family relations division failed not only to resolve either question but also to transfer the case back to circuit court. Hence, the Montgomery County Circuit Court was without subject matter jurisdiction to render judgment or impose the two 10-year concurrent sentences against Hobbie in 1975, Steele v. State, 289 Ala. 186, 266 So.2d 746
(1972), and Guenther v. State, 279 Ala. 596, 188 So.2d 594
(1965).
To the extent that our opinion in Hobbie v. State,564 So.2d 97 (Ala.Cr.App. 1990), is inconsistent with this opinion, it is hereby overruled.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Supreme Court Justice, and his opinion is hereby adopted as that of the Court.
AFFIRMED.
All Judges concur.
[1] At the first evidentiary hearing, Judge Thomas also considered a petition for the writ of error coram nobis filed by Hobbie in 1989, alleging that defense counsel in the 1977 robbery case rendered ineffective assistance by failing to file a brief on the direct appeal. Judge Thomas ruled that the petition was barred by the two-year limitations period prescribed by Rule 20.2(c), A.R.Cr.P.Temp. This ruling is not the subject of this appeal.
[2] Although the docket sheet reflects that Hobbie withdrew his motion to transfer on August 15, 1974, Judge Thetford had already accepted Hobbie as a juvenile in his court on July 16, 1974, necessitating use of the transfer provision of § 15 of Act No. 250, as amended, to transfer Hobbie to circuit court for trial as an adult.