ON RETURN TO REMAND
On September 30, 1992, 616 So.2d 360, we remanded this cause to the circuit court for that court to explain why it had considered only one of the three convictions listed by Mosley as being contested in his A.R.Cr.P. 32 petition — two for receiving stolen property in the second degree (CC-80-618 and -833) and one for third degree burglary (CC-82-000-430). The circuit court, in response, explained that the three convictions were in fact the result of three separate proceedings; that, in the proceeding before this Court, the circuit court had considered only one of the 1980 convictions for receiving stolen property, specifically CC-80-833; that the circuit clerk had created a separate file on the other conviction for receiving stolen property and that conviction had been considered separately; and that, because the clerk and the court had inadvertently neglected to consider any petition filed in regard to the burglary conviction, the circuit court has directed the clerk to create a file in that case and to allow the appropriate filings. Although Mosley's brief is addressed to the circuit court's treatment of all three convictions, as the circuit court has noted, Mosley's notice of appeal appeals only the circuit court's ruling as to that portion of the Rule 32 petition directed at the receiving stolen property conviction designated as CC-80-833. Thus we will limit our review of Mosley's issues to those contesting the court's ruling in regard to that part of the petition relating to Mosley's conviction in case number CC-80-833.
It appears that Mosley's first contention is that the circuit court erred in denying relief on the ground that because the offense of receiving stolen property in the second degree, to which he pleaded guilty, was not included in the indictment and because his guilty plea was entered within three days of notice of his intent to plead, the trial court was without jurisdiction to render judgment and his conviction, he says, is therefore void. The circuit court found, as a fact, that count three of the indictment charged Mosley with receiving stolen property in the second degree. Thus, this issue is without merit.
Mosley also appears to be asserting that the indictment charging receiving stolen property was constitutionally defective (1) because, he says, it failed to allege that the indicted act "was done 'feloniously' or 'unlawfully' for the purpose of showing intent" and (2) because, he says, it charged for 'multiple' offenses in a 'single' count indictment." These issues were not presented in Mosley's petition to the circuit court; therefore, we have no adverse ruling on these issues to review.
Mosley also asserts that the state's allegation in its response that Mosley had previously attacked this same conviction in a petition for writ of error coram nobis is false, hearsay, irrelevant, and highly prejudicial. Any alleged error in this regard is harmless. Although the circuit court used the successive petition bar, Rule 32.2(b), A.R.Cr.P., to deny two of the grounds raised in Mosley's petition, it was used in the alternative to the procedural bar of the two-year period of limitations, Rule 32.2(c).
Mosley further contends that the state's assertion in its response to the Rule 32 petition and the circuit court's finding as to that petition that Mosley was sentenced to 20 years' imprisonment for the instant conviction under review instead of 2 years' imprisonment is error and should be corrected. This, in fact, is obviously a typographical error, but it is harmless. The circuit court noted, in its order, that Mosley completed the sentence for this conviction approximately one year after its imposition, and in its remand order, the circuit court found that the sentence for the instant conviction was two years' imprisonment.
Mosley contends that he was denied effective assistance of counsel when counsel failed to advise him of his right to apply for youthful offender status. As the circuit court correctly found, this issue was procedurally barred by the period of limitations, Rule 32.2(c). We do not consider the allegation to be based on newly discovered material facts not known at the time of the *Page 364 
plea proceedings and not discoverable by reasonable diligence.
Mosley's argument that the circuit court denied him his Sixth Amendment right to counsel by failing to appoint counsel to represent him in the Rule 32 proceeding is without merit.See Hobson v. State, 425 So.2d 511 (Ala.Cr.App. 1982).
Finally, Mosley contends that the circuit court erred in summarily denying his Rule 32 petition without a hearing. In addition to the grounds discussed above, Mosley asserted the following: (1) that the trial court was without jurisdiction to render the judgment because, he says, the trial court had failed to advise him of his right to apply for youthful offender status; and (2) that he failed to appeal within the prescribed time through no fault of his own because, he says, it was only after time for appeal had run that the law was changed to favor the issues now asserted in Mosley's petition, specifically the two issues of the trial court's jurisdiction. These two grounds are procedurally barred. In regard to the first ground, "the failure to advise a defendant of his right to request youthful offender treatment is not a matter involving subject matter jurisdiction and is one which may be waived by the failure to object." Hobbie v. State,564 So.2d 97, 99 (Ala.Cr.App. 1990), overruled as to a different holding by State v. Hobbie, 596 So.2d 613 (Ala.Cr.App. 1991). Thus, "the failure to advise a defendant of his right to request youthful offender treatment [is] an issue which may be precluded by the expiration of the two-year limitations period." Id. Mosley's second ground is also barred by Rule 32.2(c). Accordingly, Mosley's petition was properly denied without a hearing.
Based on the foregoing, the judgment is affirmed.
AFFIRMED.
All Judges concur.