Bobby Stewart entered a guilty plea to his failure or refusal to comply with a request from a law-enforcement official to display evidence of insurance, a violation of § 32-7A-16, Ala. Code 1975, and to driving under the influence ("DUI") of alcohol to a degree that rendered him incapable of safely driving, a violation of § 32-5A-191, Ala. Code 1975. Because Stewart had three previous DUI convictions, the indictment charged him with felony DUI, pursuant to § 32-5A-191(h). The record shows that Stewart was sentenced to seven years in prison and was fined $7,000 for his DUI conviction; he was fined $75 for his conviction of failure to produce evidence of insurance. *Page 442 
Before Stewart entered his guilty plea, he moved to dismiss the indictment against him on the ground that the statute under which he had been indicted had been amended. The amended DUI statute, which took effect on April 28, 2006, provides that, to be considered for sentencing purposes in a current DUI prosecution, any previous DUI convictions must have occurred within five years of the current conviction. Under the previous version of the statute — the one pursuant to which Stewart was indicted — there was no such time limitation.
Two of the three DUI convictions used to enhance Stewart's sentence in this case occurred more than five years before the offense that was the subject of the current prosecution, and all three convictions occurred more than five years before the conviction here. Stewart argues that, in light of the change in the DUI law, he could not be convicted and sentenced for felony DUI. Therefore, he contends, the indictment charging him with felony DUI was due to be dismissed.
The trial court denied Stewart's motion to dismiss the indictment on the ground that the amendment of the former DUI statute did not affect Stewart's pending felony DUI charge. Stewart reserved the issue for appeal, then entered his guilty plea. On appeal, he does not challenge his conviction for failure to provide evidence of insurance.
Where, as here, an appellate court reviews a trial court's conclusion of law and its application of law to the facts, it applies a de novo standard of review. Washington v.State, 922 So.2d 145, 158 (Ala.Crim.App. 2005).
Stewart contends that this Court's holding in State v.demons, [Ms. CR-05-1950, November 2, 2007] ___ So.2d ___ (Ala.Crim.App. 2007), should be controlling in this case. At the time Stewart filed his brief with this Court, demons
had been argued but not decided. In demons, as in this case, the offense being prosecuted occurred before the amendment to § 32-5A-191 took effect. The trial court indicated that it was going to apply the law as it understood it to be at the time of the hearing and not at the time the offense was committed. The prosecutor did not object to the trial court's ruling; therefore, we held that whether the trial court erred in applying the amendment in Clemons's case was not an issue on appeal, demons, ___ So.2d at ___. Thus, the issue presented in this case was not reached inClemons.
In this case, unlike in demons, the trial court refused to apply the amendment to Stewart's prosecution on the basis that the law in effect at the time the DUI offense was committed governed the State's prosecution of that offense.
 "It is well settled that the law in effect at the time of the commission of the offense controls the prosecution. See Davis v. State, 571 So.2d 1287, 1289 (Ala.Crim.App. 1990) ('A defendant's sentence is determined by the law in effect at the time of the commission of the offense.'); Hardy v. State, 570 So.2d 871 (Ala.Crim.App. 1990) (unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense); and Jefferson v. City of Birmingham, 399 So.2d 932 (Ala.Crim.App. 1981) (law in effect at the time of the offense governs prosecution)."
Minnifield v. State, 941 So.2d 1000, 1001
(Ala.Crim.App. 2005).
In Ex parte Bolden, 358 So.2d 795 (Ala. 1978), the Alabama Supreme Court held that a 17-year-old defendant who committed an offense before the effective date of an amendment to Alabama's juvenile code raising the age of a "child" from 16 to 18, *Page 443 
but who was tried after the date the amendment took effect, was not entitled to be treated as a juvenile. "In other words, although he fit the definition of `child' at the time of trial, he was not entitled to treatment as a juvenile because he did not fit the definition of child at the time of his alleged offense." Bracewell v. State, 401 So.2d 123, 124
(Ala. 1979), citing Bolden, supra.
In Bracewell, the Alabama Supreme Court explained that, "[a]bsent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold."Bracewell, 401 So.2d at 124.
The amendment to § 32-5A-191 at issue here reads as follows:
 "(o) A prior conviction within a five-year period for driving under the influence of alcohol or drugs from this state, a municipality within this state, or another state or territory or a municipality of another state or territory shall be considered by a court for imposing a sentence pursuant to this section."
§ 32-5A-191(o), Ala. Code 1975. The history of the statute notes that the 2006 amendment became effective on April 28, 2006. Section 4 of Act No. 2006-654, Ala. Acts 2006, the act that included the amendment to § 32-5A-191 at issue, provides that "This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law."
In reviewing Act No. 2006-654 and § 32-5A-191 in their entirety, we find nothing to indicate that the Legislature intended for the amendment to apply to pending prosecutions. There is certainly no "clear expression" that the Legislature intended that the amendment be applied to offenses occurring before the amendment took effect.[1]
In this case, Stewart committed the DUI offense for which he is being prosecuted on November 6, 2002. Section 32-5A-191(o) did not take affect until April 28, 2006, nearly three and one-half years later. Just as the defendants in Bracewell andBolden were not entitled to take advantage of the amendment to the juvenile code raising the age of a child because the amendment had not taken effect at the time their offenses were committed, Stewart is likewise not entitled to take advantage of the amendment limiting the time within which a DUI conviction can be considered for sentencing purposes because the amendment had not taken effect at the time he committed the offense for which he is being prosecuted.
For the reasons set forth above, the judgment of the trial court is affirmed.
AFFIRMED.
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
[1] We note that prior Alabama case-law has interpreted § 32-5A-191(h), to mean that for purposes of enhancedpunishment for a defendant charged with DUI who has had previous DUI convictions, "the date of conviction, rather than the date of the offense, controls." Loftin v. City ofMontgomery, 480 So.2d 606, 607 (Ala.Crim.App. 1985);State v. Brooks, 701 So.2d 56, 58
(Ala.Crim.App. 1996). Here, however, this issue before us is not the interpretation of the language of a statute, but rather which version of the statute is applicable to a specific offense — the statute in effect on the date of the offense or the statute in effect at the time of conviction. *Page 444