995 So.2d 183 (2008)
STATE
v.
David Lee McCALL.
CR-06-1373.
Court of Criminal Appeals of Alabama.
May 30, 2008.
Troy King, atty. gen., and Beth Slate Poe, asst. atty. gen., for appellant.
Richard Benjamin White, Jr., Montgomery, for appellee.
McMILLAN, Judge.
Pursuant to Rule 15.7, Ala. R.Crim. P., the State appeals the pretrial order of the trial court dismissing the indictment charging David Lee McCall with felony driving under the influence of alcohol ("DUI"), a violation of § 32-5A-191(a) and (h), Ala.Code 1975.
On April 20, 2005, a Uniform Traffic Ticket and Complaint ("UTTC") was issued charging McCall with driving under the influence on April 19, 2005, a violation of § 32-5A-191(a)(2), Ala.Code 1975. On July 25, 2005, McCall was indicted by a Montgomery County grand jury and charged with felony DUI.
On February 15, 2007, McCall was arraigned and pleaded not guilty to the *184 charged offense. Subsequently, the State filed a notice of its intent to invoke sentencing enhancements and included a list of McCall's prior convictions it intended to use to prove felony DUI. On the list were the following convictions: 1) a 1989 DUI conviction in Lowndes County; 2) two 2000 DUI convictions; 3) a 2001 DUI conviction; and 4) a 2003 DUI conviction.
On April 16, 2007, the trial court conducted a hearing to dismiss an oral motion filed by McCall's attorney. The trial court was also hearing motions to dismiss filed by two other defendants, Stephen Finley and Derald Hidle, asserting the same grounds. McCall moved to dismiss the indictment against him on the ground that the statute under which he had been indicted had been amended. The amended DUI statute, which took effect on April 28, 2006, provides that, to be considered for sentencing purposes in a DUI prosecution, any previous DUI convictions must have occurred within five years of the current conviction. The trial court agreed with the arguments of McCall's attorney that based on the language of the new amendment to the DUI statute, § 32-5A-191(o), and to be consistent with similar rulings issued by the Montgomery Circuit Court, it would not consider any prior convictions outside the "five year look-back" period for sentence-enhancement purposes. McCall's attorney informed the trial court that it was possible that his client has one 2003 DUI conviction that fell within the five-year period. After noting the State's objections, the trial court granted McCall's motion to dismiss the indictment.
In Stewart v. State, 990 So.2d 441 (Ala. Crim.App.2008), this Court addressed the same set of facts and circumstances presented by the instant case. Stewart was being prosecuted for a DUI offense that occurred more than three and one-half years before the DUI amendment to the statute had taken effect. The pertinent question before this Court was which version of the statute is applicable to a specific DUI offensethe statute in effect on the date of the offense or the statute in effect at the time of conviction. In holding that the law in effect at the time of the offense was controlling, the Court in Stewart held that the defendant was not entitled to take advantage of the amendment limiting the time within which a DUI can be considered for sentencing purposes because the amendment had not taken effect at the time he committed the offense for which he was being prosecuted.
The offense for which McCall is being prosecuted in this case occurred on April 19, 2005, more than one year before the amendment to § 32-5A-191 took effect. Just as the defendant in Stewart was not allowed to take advantage of the amendment to the DUI code because the amendment had not taken effect at the time he committed the offense, McCall is likewise not entitled to take advantage of the amendment for sentencing purposes.
Based on the authority of Stewart v. State, supra, the judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, J., concurs.
SHAW, J., concurs in the result.
BASCHAB, P.J., concurs in the result, with opinion.
WELCH, J., dissents.
BASCHAB, Presiding Judge, concurring in the result.
I concur in the result the majority reaches. I further note that, for the reasons *185 I set forth in my dissents in State v. McGee, 992 So.2d 793 (Ala.Crim.App.2008) (Baschab, P.J., dissenting from unpublished memorandum), and State v. Mullins, 991 So.2d 789 (Ala.Crim.App.2008) (Baschab, P.J., dissenting from unpublished memorandum), an apparent lack of evidence as to prior DUI convictions is not an appropriate ground for the pretrial dismissal of a felony DUI indictment.