WELCH, Judge.
Robert Royal appeals from the circuit court’s summary dismissal of his Rule 32, Ala. R.Crim. P., petition for postconviction relief in which he attacked his 1976 convictions, pursuant to guilty pleas, and his sentences, for one count of grand larceny, three counts of second-degree burglary, and one count of first-degree burglary.
Royal filed the instant petition on October 22, 2008. Royal asserted that, at the time of his offenses, § 12-15-33(a), Ala. ' Code 1975, was the applicable law. Royal asserted that this statute afforded offenders under the age of 17 a hearing to determine his or her status as a juvenile offender. In the petition Royal pleaded that he was 16 years old, i.e., a child, when the offenses were committed during the months of December 1975 and January 1976. Royal asserted that because of his age when the offenses were committed, it was a jurisdictional requirement that the juvenile court ascertain through a hearing that he was old enough to be prosecuted as an adult. He asserted that he erroneously appeared before the adult division of the Tuscaloosa Circuit Court, where he was adjudicated guilty of the charged offenses, without first appearing before the Tuscaloosa Juvenile Court for consideration for treatment as a juvenile offender. Thus, according to Royal, because the juvenile court did not determine that he should stand trial as an adult, the adult division of the Tuscaloosa Circuit Court lacked jurisdiction to render a judgment or to impose sentence.
The record does not contain a response from the State. On August 16, 2012, the circuit court, relying on its record of a prior Rule 32 petition filed by Royal that was dismissed on September 27, 2007, issued an order summarily disposing of the instant petition ruling that Royal’s claim had no merit and that it was procedurally precluded because it was raised in- a successive petition (Rule 32.2(b)). This appeal followed.
On appeal, Royal reasserted the claim raised in his petition and asserted that this petition is not successive.
The initial record on appeal did not contain any of the documents referenced in the circuit court’s order. Thus, the basis for the circuit court’s ruling was not supported by the record, and this Court could not adequately review the propriety of the circuit court’s summary dismissal of Royal’s petition. This Court, pursuant to Rule 10(g), Ala. RApp. P., ordered the circuit court to supplement the record on appeal with a copy of the evidence referenced in its order as the basis for summarily dismissing Royal’s petition.
On March 14, 2013, the circuit court complied with our instructions and filed a supplemental record, which included a pri- or petition Royal had filed in September 2006 in which he argued the same claim he now argues in his petition and on appeal. Subsequent to Royal’s filing his September 2006 petition, the State filed a response and a motion to dismiss the petition. In its response, the State averred that Royal had committed two counts of second-degree burglary and one count of first-degree burglary in September 1975 in case nos. 5522-B, 5504-B, and 5507-B. The State averred that Royal was 16 years of age at the time the offenses were committed and that Royal was arrested for these offenses on October 1,1975, and October 2, 1975. According to the State, Royal plead *783 ed guilty to the offenses on April 15,1976.[1] The State contended that § 12-15-33(a) was not effective until October 10, 1975, and that the law at the time the offenses were committed in September 1975 is the law applicable to Royal. In support of its position, the State cited Ex parte Bolden, 358 So.2d 795 (Ala.1978).
“In Ex parte Bolden, 358 So.2d 795 (Ala. 1978), the Alabama Supreme Court held-that a 17-year-old defendant who committed an offense before the effective date of an amendment to Alabama’s juvenile code raising the age of a ‘child’ from 16 to 18, but who was tried after the date the amendment took effect, was not entitled to be treated as a juvenile. ‘In other words, although he fit the definition of “child” at the time of trial, he was not entitled to treatment as a juvenile because he did not fit the definition of child at the time of his alleged offense.’ ”
Stewart v. State, 990 So.2d 441, 442 (Ala.Crim.App.2008), citing Bracewell v. State, 401 So.2d 123, 124 (Ala.1979). Thus, according to the State, Royal, despite being a “child” under the new statute, § 12-15-33(a), at the time of his convictions, Royal’s status was that of an adult at the time he committed the offenses. On September 27, 2008, the circuit court summarily dismissed the petition, finding that the Tuscaloosa County Circuit Court had subject-matter jurisdiction over the cases.[2]
In Ex parte Ward, 540 So.2d 1350 (Ala. 1988), the Alabama Supreme Court noted that the then current juvenile statutes, §§ 12-15-1 to -102, Ala.Code 1975, became effective October 10, 1975. “The Court stated that if a defendant was charged with a crime that occurred after October 10, 1975, and the defendant was under the age of 17 years, the trial court was required to determine the juvenile status of the defendant. Absent such a determination, a trial court lacked subject-matter jurisdiction.” Beavers v. State, 935 So.2d 1195, 1197 (Ala.Crim.App.2004). Further, in Bracewell, supra, the Alabama Supreme Court explained that, “[ajbsent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold.” Bracewell, 401 So.2d at 124.
The State in its response to Royal’s 2006 petition addressed only three convictions. The State averred that these three convictions were committed before October 10,1975, the effective date of Act No. 1205, Ala. Acts 1975, which raised the age for a juvenile to less than 17. The record does indicate that Royal was born on March 15, 1959. Thus, at the time Royal committed the three offenses addressed by the State in its response, Royal was 16 years of age and, under the law at the time of the offense, the trial court was not required to determine Royal’s juvenile status as to those offenses. We note, however, that the case numbers of the convictions addressed by the State in its response— 5522-B, 5504-B, and 5507-B — do not coincide with any of the case numbers of the convictions challenged in Royal’s petition. *784 We also note that the victims in those cases are not the victims named in the indictments coinciding with the case numbers challenged in the present petition. Thus, the convictions addressed by the State were not the convictions challenged by Royal in his petition or on appeal. We are unable to determine from the record before us if the offenses being challenged by Royal occurred before or after October 10,1975.
Therefore, we hereby remand this case to the circuit court with directions that proceedings be conducted in accordance with this opinion. The circuit court shall determine the date the appellant’s five offenses occurred in order to ascertain if the convictions are due to be set aside. The circuit court shall take appropriate measures in accordance with this opinion and shall make due return of this case within 70 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

On Return to Remand

WELCH, Judge.
On April 15, 1976, Robert Royal pleaded guilty to one count of grand larceny, three counts of second-degree burglary, and one count of first-degree burglary. On October 22, 2008, Royal filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief in which he attacked his convictions and sentences. In his petition, Royal asserted that, when he committed the offenses, § 12-15-33(a), Ala.Code 1975, was the applicable law. Royal asserted that this statute afforded offenders under the age of 17 years a hearing to determine his or her status as a juvenile offender. In the petition, Royal alleged that he was 16 years old when the offenses were committed and that, because of his age, there was a jurisdictional requirement that the juvenile court determine at a hearing whether he was, for legal purposes, a child, or whether he was old enough to be prosecuted as an adult. He asserted that the trial court lacked subject-matter jurisdiction to adjudicate his guilt or to impose the sentences because, he says, he had been adjudicated guilty of the charged offenses in the adult division of the Tuscaloosa Circuit Court without first appearing before the Tuscaloosa Juvenile Court for consideration of his eligibility to be considered a juvenile offender.
On August 16, 2012, the circuit court, relying on its record of a prior Rule 32 petition filed by Royal that was dismissed on September 27, 2007, issued an order summarily disposing of the instant petition. The court held that Royal’s claim had no merit and that it was precluded because it was being raised in a successive petition. Rule 32.2(b), Ala Crim. P.
This Court, pursuant to 10(g), Ala. R.Crim. P., ordered the circuit court to supplement the record on appeal with a copy of the evidence referenced in its order as the basis for summarily dismissing Royal’s petition. On March 14, 2013, the circuit court complied with our instructions and filed a supplemental record, which included a prior petition Royal had filed in 2006 in which he argued the same claim he raised in the petition now before us. The supplemental record included the State’s motion to dismiss Royal’s 2006 petition, and it averred that Royal had committed two counts of second-degree burglary and one count of first-degree burglary in September 1975 in cases nos. 5522-B, 5504-B, and 5507-B. The State alleged that'Royal was 16 years of age at the time the offenses were committed and that Royal had been arrested for these offenses on October 1, 1975, and on October 2, 1975. According to the State, Royal pleaded guilty *785 to the offenses on April 15, 1976. The State contended that § 12-15-38(a) was not effective until October 10, 1975, and that the law at the time the offenses were committed in September 1975 is the law applicable to Royal. Thus, according to the State, Royal’s status was that of an adult at the time he committed the offenses, even though Royal would have been considered a “child” under the new statute, § 12-15-33(a), at the time of his convictions. On September 27, 2008, the circuit court summarily dismissed the petition, finding that the Tuscaloosa Circuit Court had subject-matter jurisdiction over the cases.
On July 12, 2013, this Court again remanded the ease to the circuit court. In our opinion, we stated:
“In Ex parte Ward, 540 So.2d 1350 (Ala.1988), the Alabama Supreme Court noted that the then current juvenile statutes, §§ 12-15-1 to -102, Ala.Code 1975, became effective October 10, 1975. ‘The Court stated that if a defendant was charged with a crime that occurred after October 10, 1975, and the defendant was under the age of 17 years, the trial court was required to determine the juvenile status of the defendant. Absent such a determination, a trial court lacked subject-matter jurisdiction.’ Beavers v. State, 935 So.2d 1195, 1197 (Ala.Crim.App.2004). Further, in Bracewell[v. State, 401 So.2d 123, 124 (Ala.1979) ], the Alabama Supreme Court explained that, ‘[ajbsenta clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold.’ Bracewell, 401 So.2d at 124.
“The State in its response to Royal’s 2006 petition addressed only three convictions. The State averred that these three convictions were committed before October 10, 1975, the effective date of Act No. 1205, Ala. Acts 1975, which raised the age for a juvenile to less than 17. The record does indicate that Royal was born on March 15, 1959. Thus, at the time Royal committed the three offenses addressed by the State in its response, Royal was 16 years of age and, under the law at the time of the offense, the trial court was not required to determine Royal’s juvenile status as to those offenses. We note, however, that the case numbers of the convictions addressed by the State in its response— 5522-B, 5504-B, and 5507-B — do not coincide with any of the case numbers of the convictions challenged in Royal’s petition. We also note that the victims in those cases are not the victims named in the indictments coinciding with the case numbers challenged in the present petition. Thus, the convictions addressed by the State were not the convictions challenged by Royal in his petition or on appeal. We are unable to determine from the record before us if the offenses being challenged by Royal occurred before or after October 10,1975.
“Therefore, we hereby remand this case to the circuit court with directions that proceedings be conducted in accordance with this opinion. The circuit court shall determine the date the appellant’s five offenses occurred in order to ascertain if the convictions are due to be set aside.”
Royal v. State, 159 So.3d 781, 783-84 (Ala.Crim.App.2013).
On September 18, 2013, the circuit court resubmitted the case on return to remand. The record on return to remand contains the circuit court’s order, dated September 13, 2013, in response to our opinion. The circuit court determined that *786 the offenses had occurred in February 1976. In its return, the circuit court included exhibits to support its findings. Based on the circuit court’s findings, at the time of Royal’s offenses, § 12-15-33(a), Ala.Code 1975, was the applicable law. This statute afforded offenders under the age of 17'a hearing to determine his or her status as a juvenile offender. Royal was 16 years old, i.e., a child, when the offenses were committed. Because of his age when the offenses were committed, it was a jurisdictional requirement that the juvenile court ascertain through a hearing that he was old enough to be prosecuted as an adult. Royal asserted in his petition that he erroneously appeared before the adult division of the Tuscaloosa Circuit Court, where he was adjudicated guilty of the charged offenses, without first appearing before the Tuscaloosa Juvenile Court for consideration for treatment as a juvenile offender. Thus, according to Royal, because the juvenile court did not determine that he should stand trial as an adult, the adult division of the Tuscaloosa Circuit Court lacked jurisdiction to render a judgment or to impose sentence. Therefore, the petition does state a ground for relief that requires a determination on its merits. Thus, this case must be remanded to the circuit court again for that court to provide Royal an opportunity to prove his claim either by conducting an evidentiary hearing and/or by accepting evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala. R.Crim. P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Royal’s claim, and may grant whatever relief it deems necessary. Due return shall be filed within 56 days of the date of this opinion, and shall include the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. In its response, the State asserted that Royal pleaded guilty to the offenses on April 15, 1975; however, because logic dictates that Royal could not have pleaded guilty to offenses for which he had not yet been arrested, the State likely committed a typographical error in stating that the year was 1975. The record indicates that the year was 1976.

. Royal subsequently filed a Rule 32 petition in which he sought an out-of-time appeal of his prior Rule 32 petition, stating that his failure to file an appeal was due to ineffective assistance of counsel. On March 11, 2008, the circuit court summarily dismissed the petition.

 Note from the reporter of decisions: On August 22, 2014, on second return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.