Robert Eric Ladd appeals from the trial court's denial of his A.R.Cr.P.Temp. 20 petition, which was based upon its finding that the petition is successive, Rule 20.2(b), and also that it is barred by the two-year statute of limitations, Rule 20.2(c).
The instant petition is a collateral attack of Ladd's three 1981 convictions for first degree robbery and resulting sentences of life without parole. In his petition, Ladd contended that his sentences were illegally enhanced, as a matter of law, by his conviction for the federal offense of possession of stolen United States mail and, thus, that the trial court did not have jurisdiction to sentence him as a habitual offender with three prior felony convictions (Rule 20.1(b)), and that his sentences are not authorized by law (Rule 20.1(c)). Ladd correctly pointed out to the trial court that this court held in Carter v. State, 420 So.2d 292, 297-98
(Ala.Cr.App. 1982), that a conviction for the federal offense of possession of stolen United States mail cannot be used to enhance a sentence under the Habitual Felony Offender Act because the conduct made the basis of such a conviction would not constitute a "felony" in Alabama under A.R.Cr.P.Temp. 6(b)(3)(iv). The Carter court reasoned that Alabama would not have jurisdiction to prosecute a defendant for unlawfully possessing stolen United States mail, id. at 297-98, and "may be precluded from prosecuting offenses involving mail theft by virtue of the preemption doctrine," id. at 298.
The trial court's reliance on the two-year statute of limitations, in denying Ladd's petition, was clearly erroneous. The issues of the trial court's lack of jurisdiction and unauthorized sentences are excluded from the operation of the statute of limitations. See Rule 20.2(c). Clearly, Ladd's allegations, if true, raise serious questions of the sentencing court's jurisdiction and the legality of Ladd's sentences. Cf.Ex parte Brannon, 547 So.2d 68, 68 (Ala. 1989) (wherein our supreme court held *Page 927 
that, "when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review"); Ex parte Peterson, 466 So.2d 984 (Ala. 1984) (wherein our supreme court held that the trial court's enhancement of the appellant's sentence by a prior conviction that was undisputedly, on its face, not properly to be used for enhancement was subject to review even though the appellant had not objected in the lower court); Anderson v. State,546 So.2d 1013 (Ala.Cr.App. 1989) (wherein the court held that the allegation that the sentence was illegal was not procedurally barred from being raised in a Rule 20 petition even though the issue could have been raised on direct appeal and was not).
In finding the alternative procedural bar of "successive petition," the trial court noted that Ladd had previously filed two coram nobis petitions and one federal habeas corpus petition based on the same or similar grounds. Ladd's instant petition shows that all three petitions were denied without an evidentiary hearing. However, we held in Blount v. State,572 So.2d 498 (Ala.Cr.App. 1990), that, "before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits." The trial court made no determination, with factual findings, of whether either of the coram nobis petitions had been adjudicated on the merits.
Accordingly, we remand this cause for the trial court to determine whether one of Ladd's two prior error coram nobis petitions was adjudicated on its merits. If it determines that neither was, it should proceed to the merits of Ladd's allegations.[1] If it determines that one of the prior petitions was adjudicated on its merits, then the instant Rule 20 petition is procedurally barred as being successive. However, in this event, because we would consider the situation to reflect grave injustice, taking Ladd's allegations as true, we order that this cause be treated as a habeas corpus petition and transferred to the circuit court having prior jurisdiction, to be forthwith ruled on.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
[1] If the trial court proceeds to a determination of the merits, Ladd should file a separate petition for each conviction. SeeBryant v. State, 565 So.2d 290 (Ala.Cr.App. 1990); Appendix to Rule 20.