On August 5, 1988, Robert Earl Sampson was indicted by the Henry County grand jury on charges of: *Page 847 
1. Driving while under the influence of alcohol, in violation of § 32-5A-191, Code of Alabama 1975.
2. Attempting to elude a peace officer, in violation of §32-5A-193, Code of Alabama 1975.
3. Driving with a suspended license, in violation of §32-6-19, Code of Alabama 1975.
4. Possession of drug paraphernalia, in violation of §20-2-75, Code of Alabama 1975.
5. Possession of a controlled substance, cocaine, in violation of § 13A-12-212, Code of Alabama 1975.
Sampson entered guilty pleas to the charges of: attempting to elude a peace officer, driving with a suspended license, possession of drug paraphernalia, and possession of cocaine. The record does not reflect that Sampson pleaded guilty to the charge of driving under the influence.
The trial court sentenced Sampson to 10 years in the penitentiary for possession of cocaine; concurrent sentences of 6 months in the Henry County jail for attempting to elude, driving with a suspended license, and possession of drug paraphernalia; and 12 months in the county jail for driving under the influence.
Sampson raises two issues on appeal. First, Sampson alleges that the trial court did not have jurisdiction to sentence him on the DUI charge when a guilty plea to the charge had not been entered. Second, he alleges that the trial court did not inform Sampson on the minimum and maximum range of the sentences for attempting to elude, possession of drug paraphernalia, and driving with a suspended license.
Even though the trial court explained the minimum and maximum sentence that could be imposed on the DUI charge, no guilty plea was entered to the charge, and the trial court therefore erred by sentencing Sampson to 12 months in the county jail.
The trial court, however, did not inform Sampson as to the minimum and maximum sentences on the remaining misdemeanor charges of attempting to elude, driving with a suspended license, and possession of drug paraphernalia. He did inform Sampson on the maximum and minimum sentence for possession of cocaine.
The defendant must be advised on the record of the maximum and minimum possible sentences of the offenses for which he is charged. This is an absolute constitutional prerequisite before a guilty plea can be accepted. Carter v. State, 291 Ala. 83,277 So.2d 896 (Ala. 973). Moreover, advising the defendant of the maximum and minimum sentence is a jurisdictional matter, so that failure to so inform the defendant can be raised for the first time on appeal. Ex parte Rivers, 597 So.2d 1308
(Ala. 991).
The trial court erred in failing to inform the defendant of the maximum and minimum sentences in the misdemeanor cases of attempting to elude, driving with a suspended license, and possession of drug paraphernalia and for entering a sentence in the DUI case without first having accepted the guilty plea. Consequently, that portion of the judgment of the trial court relating to those charges is reversed, and the cause is remanded for further proceedings. That portion of the trial court's judgment relating to the charge of possession of cocaine is affirmed.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a retired Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur. *Page 848