James Lavon Bennett pleaded guilty and was convicted of two cases of robbery in the second degree (CC-92-2832 and CC-92-3387) and was sentenced to life imprisonment in each case. He was also convicted of escape in the second degree (CC-93-276) and was sentenced to 15 years' imprisonment.
The record on appeal shows that the appellant pleaded guilty to three offenses as part of a plea bargain agreement. At the guilty plea proceedings, the circuit judge was obviously confused over the permissible range of punishment for a habitual felony offender with five prior felony convictions. Despite this confusion, some argument can be made, after a careful reading of the transcript of the proceedings, that the appellant was advised that the only punishment he could receive upon conviction for the two charges of robbery in the second degree was life imprisonment. However, nowhere in the record does it appear that the appellant was properly advised of the minimum and maximum range of punishment he could receive upon conviction for escape in the second degree.
There was a "motion to enter a guilty plea" made on three cases of robbery in the second degree. However, that motion stated that the punishment was "imprisonment in the State Penitentiary for not less than 15 yr nor more than life and a fine of $ ____ as habitual offender." Supp.R. 15. There was no "motion to enter a guilty plea" made in regard to the charge of escape in the second degree.
"[T]he defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea." Ex parte Rivers,597 So.2d 1308, 1309 (Ala. 1991). Under Rivers, the failure to advise the appellant of the minimum and maximum possible sentences is a jurisdictional defect rendering the sentence void. UnderRivers, this issue need not be preserved for appellate review by timely and proper objection in the circuit court. Parish v.State, [CR-90-1285, April 23, 1993] 1993 WL 124790 (Ala.Cr.App. 1993). *Page 214 
Consequently, the plea bargain agreement is invalidated.
Robbery in the second degree is a Class B felony. Ala. Code 1975, § 13A-8-42(b). With three prior felony convictions, a defendant convicted of robbery in the second degree must be sentenced to life in the penitentiary. § 13A-5-9(c)(2). Escape in the second degree is a Class C felony. § 13A-10-32(b). With three prior felony convictions, a defendant convicted of escape in the second degree must be sentenced to a minimum of 15 years' imprisonment with a maximum of 99 years' or life imprisonment. § 13A-5-9(c)(1).
Under Rivers we have no choice. The appellant's convictions for robbery and escape are reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.