**Sammie Lee GORDON,**
**Plaintiff–Appellant,**

v.

**John E. NAGLE, Warden; Attorney General of the State of Alabama, Defendants–Appellees.**

**No. 92–6100.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 22, 1993.

Douglas H. Scofield, Scofield, West & French, Birmingham, AL, for plaintiff-appellant.

Cecil G. Brendle, Jr., Asst. Atty. Gen., Montgomery, AL, for defendants-appellees.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

This is a habeas corpus case brought by an Alabama prisoner. The case has a lengthy history.[1] Gordon attacks the validity of sentences imposed on him in 1986 under Alabama's Habitual Offender Statute, § 13A-5-9 et seq. (Code of Alabama 1975), and the validity of an underlying 1973 conviction utilized for enhancement in the 1986 cases.[2] This is the correct procedural method. The district court denied relief on procedural bar/ cause and prejudice grounds.[3] We are able to decide some of the issues but must certify one issue to the Supreme Court of Alabama.

In 1973 Gordon, then 18 years old, pleaded guilty to assault with intent to murder and was convicted and sentenced as an adult. As a minor he was entitled to be considered for youth offender status under § 15-19-1 (Code of Alabama 1975). The central issue in this case springs from Gordon's right to be advised, prior to entering a plea of guilty, of his right to be considered for youth offender status.

The Youth Offender Statute works this way. If the accused qualifies for possible youth offender status and is charged with a crime involving moral turpitude or a possible sentence of one year or more, he must be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury. Code § 15-19-1. If the accused consents to such examination and to trial without a jury, the court may then direct that he be arraigned as a youthful offender and that no further action be taken on the indictment or information, or that he shall not be arraigned as a youthful offender and the case will then proceed on the indictment or information. *Id.*

If youthful offender status is directed, trial shall be at a separate court session from those for adults charged with crime. Code § 15-19-3. If defendant pleads not guilty, trial is before the judge without a jury. Code § 15-19-4.

If the youthful offender is found guilty and the underlying charge is a felony, the court shall either: (1) suspend the imposition or execution of sentence with or without probation; (2) place defendant on probation not to exceed three years; (3) impose a fine; (4) order commitment for three years or less. Code § 15-19-6(a). If the underlying charge is a misdemeanor the defendant may be given correctional treatment as provided by law for such misdemeanor. Code § 15-19-6(d).

---

1. Gordon was convicted in 1973 when he was a minor. In 1986 he was sentenced on three convictions as an habitual defendant, with the 1973 sentence serving as enhancement. He appealed but did not raise the validity of the 1973 conviction. This was affirmed without opinion, *Gordon v. State*, 507 So.2d 1067 (Ala.Crim.App.1987). Gordon filed a pro se state habeas petition in 1987 that challenged the 1986 convictions but did not attack the 1973 conviction or its use to enhance his 1986 sentences. This petition was denied by the trial court and affirmed without opinion. *Gordon v. State*, 519 So.2d 1383 (Ala. Crim.App.1987).

   Gordon filed a pro se federal habeas petition challenging his 1986 convictions on several grounds, including that the 1973 conviction was improperly used as enhancement. Counsel was appointed, and he filed a second federal habeas petition, this time challenging the 1973 conviction on the ground that the judge did not advise him of his right to possible youth offender status

and that his attorney was ineffective for failing to advise him. The district court consolidated the two petitions, embracing in a single petition before it the claim of improper enhancement. The court dismissed all other claims because they could be raised in state court by an out-of-time merits appeal from the 1986 convictions. That appeal was taken and the 1986 convictions affirmed by a memorandum but without opinion. *Gordon v. State*, 587 So.2d 1111 (Ala.Crim.App. 1991).

2. This court has subject matter jurisdiction because Gordon is in custody pursuant to the 1986 sentences.

3. The state has not asserted exhaustion, implicitly waiving that defense. *Jones v. Goodwin*, 982 F.2d 464, 468 n. 5 (11th Cir.1993); *Atkins v. Attorney General of Alabama*, 932 F.2d 1430, 1431 (11th Cir.1991). Our discussion therefore is limited to the doctrine of procedural default.

An adjudication made pursuant to the Youthful Offender Statute is very different from conviction of an adult. It is not deemed a conviction of crime at all. Code § 15–19–7. It does not disqualify for public office or public employment or forfeit any rights or privileges. *Id.*

The Youthful Offender Act is intended to extricate persons below 21 years of age from the harshness of criminal prosecution and conviction. It is designed to provide them with the benefits of an informal, confidential rehabilitative system.

*Raines v. State,* 294 Ala. 360, 317 So.2d 559, 561 (1975).

The most central consequence of youth offender status in this case is that the adjudication made pursuant to such status may be considered in determining a sentence to be imposed within the statutory range for a later crime of which defendant is convicted, but it may not be considered a prior felony conviction as contemplated by the Habitual Offender Act, Code § 13A–5–9 et seq. *Ex parte Thomas,* 435 So.2d 1324, 1326 (Ala. 1982); *Thomas v. State,* 445 So.2d 992, 994 n. 1 (Ala.Crim.App.1984). In 1986 Gordon was convicted of three Alabama criminal charges and, pursuant to the mandatory provisions of the Habitual Offender Statute, was given two sentences of life imprisonment and a concurrent 25–year imprisonment. The 1973 conviction as an adult was utilized in determining the sentences required in 1986 under the Habitual Offender Statute.

In the 1973 proceedings the court did not advise Gordon of his right to be considered for youthful offender status. We accept as fact that the court did not so advise Gordon. He testified that he was not advised by either the court or his 1973 attorney. The attorney testified that he could recall no discussion of youthful offender status. On this appeal the state has not suggested that the testimony of either Gordon or his attorney is not correct. The status of the caselaw supports Gordon's testimony that no advice was given. The Youthful Offender Statute does not by its own terms require the trial judge to advise the defendant of his right to be considered for youthful offender status. The existence of such a duty was "indicated" by a dictum in *Morgan v. State,* 291 Ala. 764, 287 So.2d 914 (1973), decided December 13, 1973, but a square decision that the statute mandated advice to the defendant was not handed down until May 22, 1975, in *Clemmons v. State,* 56 Ala.App. 275, 321 So.2d 237 (Ala. Crim.App.1974), *aff'd,* 294 Ala. 746, 321 So.2d 238 (1975). *Clemmons* noted that the defendant must consent to an investigation and examination by the court to determine whether he should be tried as a youthful offender, and that the necessary first step that must be taken under that scheme is to advise the defendant that he might be eligible for youthful offender treatment. In 1987 the Eleventh Circuit decided *Coleman v. State,* 827 F.2d 1469 (11th Cir.1987), holding that advice to the accused of his right to request youth offender status is required by the due process clause of the Constitution. *Id.* at 1473–74. There is no indication or even suggestion in this case that in 1973 the trial judge gave Gordon advice that neither the statute by its explicit terms, nor Alabama caselaw drawing on the statute, nor any decision on constitutional grounds, said that he was required to give.

In 1990 the Alabama Court of Criminal Appeals added to the caselaw by holding that the age-eligible defendant must be apprised of his right to possible youth offender status before his guilty plea is accepted because his right to that possible status is equivalent to a sentencing option. *Lochli v. State,* 565 So.2d 294, 296–97 (Ala.Crim.App.1990). It is evident that there is no way for a judge with a possible youth offender before him to advise the accused of maximum and minimum sentences to which he is exposed without advising him of possible youth offender status, because that status if granted creates different maximums and minimums.

■ We turn next to whether Gordon's claims are procedurally barred. He did not raise in state court the claim that because he was not advised his 1973 guilty plea was involuntary and therefore his convictions invalid. When a petitioner has not presented a claim in state court and would now be barred from doing so, a procedural default occurs and federal courts are barred from reviewing the claim unless the petitioner can show

cause and prejudice or that a fundamental miscarriage of justice will occur. *Teague v. Lane*, 489 U.S. 288, 297–99, 109 S.Ct. 1060, 1068–69, 103 L.Ed.2d 334 (1989); *see also Coleman v. Thompson*, — U.S. —, — n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991). The district court held that Gordon had committed a procedural default under *Teague* because he had not presented his claim in state court and was now barred from doing so by the statute of limitations in Ala. R.Crim.P. 32.[4]

■ Alabama Rule of Criminal Procedure 32.2(c) imposes a two-year statute of limitations on claims for post-conviction relief based upon federal or state constitutional grounds (*see* Ala.R.Crim.P. 32.1(a)), and claims based on the fact that the petitioner's failure to take a timely direct appeal was without fault. Collateral relief is also available, however, on the ground that the state trial court "was without jurisdiction to render judgment or to impose sentence," Ala. R.Crim.P. 32.1(b), or that the sentence imposed "exceeds the maximum authorized by law or is otherwise not authorized by law," Ala.R.Crim.P. 32.1(c). Claims alleging jurisdictional defects under Rule 32.1(b) and excessive sentences under Rule 32.1(c) are not subject to the two-year time bar. *See Ladd v. State*, 577 So.2d 926, 926–27 (Ala.Crim. App.1990) (excessive sentence not authorized under Habitual Offender Statute), *cert. denied*, 577 So.2d 927 (Ala.1991). Therefore, we must address whether the state trial court's failure to explain the availability of youthful offender treatment rendered the 1973 conviction void for lack of jurisdiction. If jurisdiction was lacking then state court review of Gordon's claim regarding the 1973 conviction would not be time barred, thus there would be no procedural default to prevent federal review.

In straightforward failure-to-advise cases not involving youth offender status, the Alabama cases have held that failure to advise is a jurisdictional matter that can be raised for the first time on appeal. In *Ex parte Rivers*, 597 So.2d 1308 (Ala.1991), the court held that a guilty plea entered by a defendant who had not been advised of his possible minimum and maximum sentences is not knowingly, voluntarily, and intelligently given, so that the judgment of conviction must be reversed and the case remanded. *Id.* at 1310. The Alabama Supreme Court in *Rivers* did not use the term "jurisdiction." But subsequently the Alabama Court of Criminal Appeals has followed *Rivers* and interpreted it to mean that failure to advise the defendant as required by *Rivers* is "an absolute constitutional requirement" and is a jurisdictional matter that can be raised for the first time on appeal. *Sampson v. State*, 605 So.2d 846, 847 (Ala.Crim.App. Sept.1992). Three months later, without reference to *Sampson*, the Court of Criminal Appeals reiterated that failure to advise of possible minimum and maximum sentences is jurisdictional and can be raised at any time regardless of whether objection was made before the trial judge. *Brown v. State*, 611 So.2d 1194, 1197–98 (Ala. Crim.App. Nov. 25, 1992).

Thus, in straightforward failure-to-advise cases not involving youth offender status, the Court of Criminal Appeals appears to have continued to follow the *Rivers* principle with the gloss of its own interpretation that *Rivers* means that failure to advise is jurisdictional. But that court has done so with great reluctance. In *Parish v. State*, CR–90–1285, 1993 WL 124790 at *3–4, 1993 Ala.Crim.App. LEXIS 332 at *9–10 (Ala.Crim.App. Apr. 23, 1993), the court expressed at length its view that failure to advise is not a jurisdictional matter but rather should be examined within the context of voluntariness of the plea, but

---

4. Determining whether there are remedies available to Gordon in state court is a necessary part of evaluating the state's assertion that his claims are procedurally barred. A defendant has the burden of establishing cause and prejudice, but the state has the burden of demonstrating that a procedural default has occurred. *See Nichols v. Wainwright*, 783 F.2d 1540, 1542 (11th Cir.), *cert. denied*, 479 U.S. 840, 107 S.Ct. 145, 93 L.Ed.2d 87 (1986). When, as in this case, there

is no state court decision saying that defendant's claims are procedurally barred but the state nevertheless asserts procedural default, it is proper for the federal court, as part of its determination of whether the state has met its burden of showing procedural default, to examine state procedural rules to see if any remedies are available to the defendant. *See Harris v. Reed*, 489 U.S. 255, 270, 109 S.Ct. 1038, 1047, 103 L.Ed.2d 308 (1989) (O'Connor, J., concurring).

that—as it was required to do—it accepted that it was bound by *Rivers* to review defendant's conviction. Three months later in August 1993, the Court of Criminal Appeals again reluctantly followed *Rivers* and reversed the defendant's conviction. *Bennett v. State,* 1993 WL 304603, at *1, 1993 Ala. Crim.App. LEXIS 1053, at *2 (Ala.Crim.App. Aug. 13, 1993).

In the context of failure to advise of youthful offender rights the Court of Criminal Appeals had held, prior to *Rivers,* that the failure to advise was not a jurisdictional matter. *Hobbie v. State,* 564 So.2d 97, 99 (Ala. Crim.App.1990), *overruled as to a different holding,* 596 So.2d 613 (Ala.Crim.App.1991). Without citing *Rivers* or any of its progeny, the Court of Criminal Appeals adhered to this view in *Mosley v. State,* 616 So.2d 362, 364 (Ala.Crim.App.1993).

This brings us to the question of the application of *Rivers* (as interpreted by the Court of Criminal Appeals to establish a jurisdictional principle) to the case before us where the failure to advise is not directly of minimum and maximum sentences but of possible treatment as a youth offender which, as we have pointed out, subsumes different maximum and minimums. As we have discussed above, on this issue, Alabama law is not clearly settled. *Compare Sampson,* 605 So.2d at 847 (stating that failure to advise of minimum and maximum sentence is jurisdictional) *with Mosley,* 616 So.2d at 364 (stating that failure to advise of youthful offender rights is not jurisdictional). We therefore certify the following question to the Supreme Court of Alabama:

> Does the failure to inform an age-qualified defendant of his right to apply for youthful offender status deprive the trial court of jurisdiction to entertain a guilty plea, such that a subsequent challenge to that conviction cannot be barred by the limitations period of Ala.R.Crim.P. 32.2(c)?

We do not intend the particular phrasing of this question to limit the Supreme Court of Alabama in its consideration of the certified issue. To assist consideration of the issue, the record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Alabama.

QUESTION CERTIFIED.