[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10502
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cv-00037-ACC-DCI

JIMMY L. KIMBROUGH,

                                                            Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2020)

Before WILLIAM PRYOR, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Kimbrough, a Florida prisoner proceeding with counsel, appeals the district court's denial of his third amended 28 U.S.C. § 2254 petition for a writ of habeas corpus.  In his federal habeas petition, Kimbrough argues that the trial court violated his due process rights by failing to rule on his motion to determine competency and his trial counsel was ineffective for misadvising him that the court had ruled on the competency motion.  After careful review, we conclude that we are barred from considering these claims because they are procedurally defaulted.  We therefore affirm.

## I.    BACKGROUND

### A.    State Trial and Postconviction Proceedings

Kimbrough was charged by information with two counts of selling cocaine in violation of Florida law.  His counsel filed a motion under Florida Rule of Criminal Procedure 3.210 to "determine [Kimbrough's] competency."  Doc. 30-1 at 7.[1]  In the motion, counsel requested that the court hold a competency hearing to determine whether Kimbrough was competent to stand trial.  Counsel stated that Kimbrough was unable to communicate and did not understand the charges against him, the possible punishment, or the role of his attorney and the criminal justice system.

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

The trial court docket shows no action taken on the competency motion. While the motion apparently was still pending, Kimbrough's counsel withdrew from representation. The court then appointed public defender Andrew Reid to represent Kimbrough.

Kimbrough pled guilty to both counts. The plea agreement recited that Kimbrough had discussed the charges with his counsel and was not suffering from any physical or mental disabilities that would make him incapable of understanding the agreement. At the plea hearing, Kimbrough testified that he had gone to school until the tenth grade and could read, write, speak, and understand the English language. He was not under the influence of any drugs, medication, or alcohol, and he was thinking clearly. The court asked Kimbrough if he was "suffering from any mental condition . . . or anything else that would prevent [him] from being able to think well and make good decisions," and after asking the court to repeat the question, he responded "no." Doc. 30-1 at 74–75. After explaining the possible sentences, the court asked Kimbrough if he understood that he was giving up his right to have a trial, and Kimbrough said that he understood. He confirmed that he wanted to enter a plea and give up his right to a jury trial. He also confirmed that he had talked to Reid about his decision to plead guilty.

The court then asked Kimbrough if he had any questions, and Kimbrough responded that he had "several questions." *Id*. at 81. Kimbrough said, "I just want

to know what you—I mean, now that I'm taking this plea, so I know it's pretty bad, Judge." *Id.* The court responded that it could not give Kimbrough "any indication whatsoever about what sentence [he] might receive." *Id.* The following exchange occurred:

> COURT: Do you have any other questions for me?
>
> KIMBROUGH: It's kind of hard to say right this minute.
>
> COURT: Any other questions?  Please talk up because you are being recorded.
>
> KIMBROUGH: Everything just happened so fast.  I really didn't have . . .
>
> COURT: Any other questions?
>
> KIMBROUGH: No, sir.
>
> COURT: You said everything has happened so fast.  It seems to me that you've understood everything we've done here this morning.  You told me that you've had enough time to talk to your attorney, that he's answered all your questions, and you're satisfied with his work. . . .
>
> KIMBROUGH: Sir, I'm ready to take this plea, sir.  I'm ready to take this plea.
>
> COURT: You're completely prepared, you're completely advised, and you understand everything that is going on?
>
> KIMBROUGH: Yes, sir, I do.

*Id.* at 82–83.  Kimbrough pled guilty to Counts 1 and 2.  The court accepted the guilty plea as freely and voluntarily given, finding that Kimbrough was "alert, competent[,] and intelligent." *Id.* at 84.

The court sentenced Kimbrough to 16 years in prison.  Following an unsuccessful direct appeal, Kimbrough filed a Florida Rule of Criminal Procedure 3.850 motion.  In the motion, Kimbrough argued that Reid was ineffective for, among other things, ignoring information about his mental state and failing to request a mental health evaluation.  Kimbrough further asserted that Reid "misadvised [Kimbrough] that the mental health evaluation was vacated by the trial court," when, in fact, the "motion for an evaluation was granted."  Doc. 30-4 at 74.  Kimbrough argued that he was prejudiced by Reid's deficient performance.  In an amended Rule 3.850 motion, Kimbrough clarified that the "crux of this [ineffective assistance] claim is that [his] previous motion for a mental evaluation was granted[,] so [Reid] should have brought the issue to the attention of the court or requested on his own motion to have defendant complete a full mental health evaluation." *Id*. at 96.

The state postconviction court denied the original and amended Rule 3.850 motions.  In addressing the ineffective assistance claim, the postconviction court noted that Kimbrough's original defense counsel had filed a competency motion.  The court explained that, after filing the motion, Kimbrough's original counsel withdrew from the case, "so th[e] motion was never addressed by the [c]ourt." *Id*. at 125.  The court denied Kimbrough's ineffective assistance claim, concluding that his argument that he was prejudiced by the lack of investigation into his

incompetency was speculative.  Kimbrough appealed, and the Fifth District Court of Appeal ("DCA") affirmed without a written opinion.

Kimbrough then filed a *pro se* successive Rule 3.850 motion based on newly discovered evidence.  He argued that he had "newly discovered evidence consisting of [the postconviction] court's conclusion that the motion to determine [his] competency was never addressed."  Doc. 30-6 at 9.  Kimbrough explained that he did not know that the trial court had never addressed the competency motion until the postconviction court, in its order denying his original and amended Rule 3.850 motions, stated that the competency motion "was never addressed."  *Id*. at 10.  He alleged that, during his criminal proceedings, he had asked Reid about "the competency issue," and Reid had told him that "a motion for a mental health evaluation was orally granted" but later "was vacated by the trial court."  *Id*. at 9–10.  Kimbrough argued that, due to Reid's misleading statements, he never knew that the trial court had, in fact, not addressed the competency motion.  *Id*. at 11.  He asserted that his discovery that the court had never ruled on the motion thus constituted new evidence.  Based on this new evidence, Kimbrough raised two claims: (1) Reid's false statement that the trial court had ruled on the motion constituted ineffective assistance; and (2) the trial court's failure to consider his competency motion was a "clear violation of [his] due process rights not to be tried while incompetent."  *Id*. at 58.

6

The postconviction court denied Kimbrough's successive Rule 3.850 motion. The court concluded that Kimbrough's discovery that his competency motion never was addressed by the trial court was not new evidence under Florida law. The court further determined that, under Florida law, Kimbrough waived his right to challenge the competency issue when he pled guilty. Kimbrough appealed, and the DCA affirmed without a written opinion.

## B.    Federal Habeas Proceedings

In his *pro se* third amended § 2254 petition, Kimbrough argued that:  (1) he had newly discovered evidence that the trial court failed to rule on his competency motion prior to conducting the plea hearing, which violated his due process rights; and (2) the newly discovered evidence showed that his trial counsel, Reid, was ineffective for erroneously advising him that the trial court had ruled on the motion.[2]  Doc. 17 at 39.

The state responded in opposition to Kimbrough's § 2254 petition. In a section of its response titled "EXHAUSTION/PROCEDURAL DEFAULT," the state conceded that Kimbrough's claims were exhausted. Doc. 28 at 9. In the section of its response labeled "MERITS," the state argued that the postconviction court properly denied the competency claims raised in the successive Rule 3.850

---

[2] We have restated the claims for clarity.

motion because those claims were not based on newly discovered evidence under Florida law. *Id*. at 14.

Kimbrough replied that the state postconviction court improperly denied him relief on his competency claims. He noted that the postconviction court did not address his competency "claims on [the] merits." Doc. 35 at 33. He reasserted that the record established that the state court violated his due process rights by failing to rule on the competency motion and his counsel was ineffective for failing to seek such a ruling.

The district court denied Kimbrough's § 2254 petition. The court noted that the postconviction court had denied relief on Kimbrough's competency claims on two grounds: first, the claims did not involve newly discovered evidence, and second, Kimbrough had waived his right to challenge his competency by pleading guilty. The court then denied those claims on a different ground—namely, that Kimbrough had not shown that there was a "legitimate doubt" about his competency to stand trial, so the trial court's failure to rule on the competency motion was harmless. Doc. 51 at 16. For the same reason, the court concluded that Kimbrough failed to show that Reid was ineffective for failing to discover that the court had never actually ruled on the competency motion.

This appeal followed. We granted a certificate of appealability ("COA") on Kimbrough's due process and ineffective assistance claims.

8

## II.    STANDARDS OF REVIEW

We review a district court's denial of a habeas petition under § 2254 *de novo* and its factual findings for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). Whether a claim is subject to the doctrine of procedural default is a mixed question of fact and law that we review *de novo*. *Greene v. Upton*, 644 F.3d 1145, 1154 (11th Cir. 2011).

Our review of Kimbrough's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Williams v. Taylor*, 529 U.S. 362, 402–03 (2000). Generally, AEDPA bars federal courts from granting habeas relief to a state petitioner on a claim that was adjudicated on the merits in state court unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28. U.S.C. § 2254(d). If the state habeas court did not adjudicate the petitioner's claim on the merits but instead declined to address the claim based on an independent and adequate procedural ground under state law, we may not review that decision in a federal habeas proceeding unless the petitioner establishes cause and prejudice to excuse the procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In reviewing state court decisions, we "look through" the unreasoned decision of the state appellate court and presume that it adopts the reasoning of the last related state court decision, unless the state shows that the appellate court relied, or most likely did rely, on different grounds. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

## III.   DISCUSSION

On appeal, Kimbrough argues that the trial court violated his due process rights by failing to rule on his competency motion and that Reid violated his Sixth Amendment rights by misadvising him about the status of the motion and failing to discover that the trial court had never ruled on it.  The state responds by arguing, among other things, that the state postconviction court properly denied Kimbrough's claims as untimely because the evidence that the trial court never ruled on the competency motion was not newly discovered evidence that would extend the deadline for filing his postconviction motion under Florida law.  In reply, Kimbrough argues that his claims are not procedurally defaulted, so we may properly address them on the merits.

After careful review, we conclude that Kimbrough's claims are procedurally barred.  In reaching this conclusion, we hold that (1) the state did not waive the procedural default defense, (2) the postconviction court's denial was based on an

10

independent and adequate state procedural ground, and (3) Kimbrough has not

shown cause or prejudice to overcome the procedural default.[3]

## A.    Waiver of Procedural Default Defense

As a threshold matter, we must determine whether the state waived the

procedural default defense.  We conclude that it did not.

"As a rule, a state prisoner's habeas claims may not be entertained by a

federal court when (1) a state court has declined to address those claims because

the prisoner had failed to meet a state procedural requirement, and (2) the state

judgment rests on independent and adequate state procedural grounds." *Maples v.*

---

[3] We granted a COA on the issues of whether the trial court violated Kimbrough's due process rights by failing to rule on the competency motion and whether his trial counsel was ineffective for misadvising him that the court had ruled on the motion.  Although our review is limited to the issues specified in the COA, *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010), we may "construe the issue specification in light of the pleadings and other parts of the record." *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).  Because the parties address procedural default in their briefs, and given the state postconviction court's denial of Kimbrough's claims on a state procedural ground (discussed below), we construe the COA to include procedural default.  *See also Rozelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1009–10 (11th Cir. 2012) (addressing a threshold issue "[n]ecessarily subsumed" within the COA, even though the COA did not expressly include the issue).

Kimbrough argues that the COA includes a substantive due process challenge—specifically, that he was not competent to plead guilty.  We disagree.  A substantive competency claim alleges that a defendant's due process rights were violated because he was incompetent when he stood trial or pled guilty; by contrast, a procedural competency claim alleges that the court should have conducted a competency hearing but failed to do so.  *See James v. Singletary*, 957 F.3d 1562, 1569–72 (11th Cir. 1992) (distinguishing procedural competency claims from substantive competency claims).  The COA grant—as well as Kimbrough's successive Rule 3.850 motion and § 2254 petition—all center on the trial court's failure to rule on the competency motion, not Kimbrough's competency to plead guilty.  Thus, from the issue specification, pleadings, and other parts of the record, we conclude that the COA incorporates a procedural competency claim only.  *See Murry*, 145 F.3d at 1251.  Kimbrough's substantive competency claim is therefore outside the scope of the COA, and we do not consider it.

11

*Thomas*, 565 U.S. 266, 280 (2012) (internal quotations and alterations omitted).

The burden is on the state to demonstrate that a procedural default occurred.

*Gordon v. Nagle*, 2 F.3d 385, 388 n.4 (11th Cir. 1993).  "Procedural default is

normally a defense that the [s]tate is obligated to raise and preserve if it is not to

lose the right to assert the defense thereafter."  *Trest v. Cain*, 522 U.S. 87, 89

(1997) (internal quotations and alterations omitted); *see also Hills v. Washington*,

441 F.3d 1374, 1376 (11th Cir. 2006) (determining that the state waived its

exhaustion-based procedural default defense by failing to raise it in the district

court).

Where the state fails to raise a procedural default defense, we are not

required to raise the issue of procedural default *sua sponte*.  *Trest*, 522 U.S. at 89.

Here, though, we conclude that the state did raise a procedural default defense; it

demonstrated that the state postconviction court's decision rested on an

independent and adequate state procedural ground.  It is true, as Kimbrough points

out, that in a section of the state's responsive brief in the district court titled

"EXHAUSTION/PROCEDURAL DEFAULT," the state noted that Kimbrough's

competency claims were exhausted but failed to mention any other procedural

default defenses.  Doc. 28 at 9.  However, in the "MERITS" section of its brief, the

state argued that the state postconviction court's denial of the successive Rule

3.850 motion was based on Kimbrough's failure to present newly discovered

12

evidence—a state procedural requirement for filing a successive Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(b)(1). Thus, the state raised the argument that the postconviction court's denial was based on a state procedural ground, even though it mislabeled the argument as merits-based. Indeed, Kimbrough recognized that the postconviction court denied his claims on a procedural ground by acknowledging in the district court that the postconviction court did not reach the "merits" of his competency claims. Doc. 35 at 33.

The state raised the independent-and-adequate-state-procedural-ground defense in its responsive brief on appeal. Again, the state mischaracterized the defense as a merits-based argument. But despite that mischaracterization, the state raised the procedural default defense on appeal by arguing that the postconviction court correctly concluded that Kimbrough's evidence was not "newly discovered" under Florida law. Appellee's Br. at 26. Kimbrough acknowledges that procedural default defense: In his reply brief on appeal, he argued that the state's "newly discovered evidence argument" fails because the postconviction court's denial was not based on an independent and adequate state procedural ground. Reply Br. at 10.

We conclude that the state has not waived the procedural default defense. The parties have addressed in some fashion—both in the district court and on appeal—the independent-and-adequate-state-procedural-ground defense. And

13

there is nothing in the record to suggest that Kimbrough would be prejudiced by our consideration of that defense.  Therefore, we will consider it on appeal.[4]

## B.    Independent and Adequate State Procedural Ground

We now turn to whether the postconviction court's denial of Kimbrough's competency claims was based on an independent and adequate state procedural ground.  We conclude that it was.

We use a three-part test to determine whether a state court's procedural ruling is based on an independent and adequate state procedural ground.  *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering a judgment must "clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim."  *Id*. Second, the state court's decision must rest solely on state law grounds, and "may not be intertwined with an interpretation of federal law."  *Id*. (internal quotation marks omitted).  Third, the state procedural rule must be adequate, meaning that it is not applied in an arbitrary or unprecedented fashion, nor can it be "manifestly unfair in its treatment of the petitioner's federal constitutional claim."  *Id*. (internal quotation marks omitted).

---

[4] The state argues on appeal that Kimbrough's claims are procedurally defaulted because they are unexhausted.  By expressly acknowledging in the district court that Kimbrough's claims were exhausted, however, the state waived its exhaustion defense.  *See* 28 U.S.C. § 2254(b)(3) (a state may waive the exhaustion requirement, provided that its waiver is expressly made).  Thus, we do not consider the state's exhaustion arguments.

The postconviction court's denial of Kimbrough's successive Rule 3.850

motion was based on the procedural requirements of Rule 3.850, which is an

independent and adequate state procedural ground.  *See LeCroy v. Sec'y, Fla.*

*Dep't of Corr.*, 421 F.3d 1237 (11th Cir. 2005) (concluding that a state

postconviction court's denial of a defendant's Rule 3.850 motion rested on an

independent and adequate state ground where the court determined that the

defendant failed to comply with the procedural requirements of Rule 3.850); *see*

*also Whiddon v. Dugger*, 894 F.2d 1266, 1267–68 (11th Cir. 1990) (determining

that the procedural requirements of Rule 3.850 constitute independent and

adequate state grounds).  Under Rule 3.850, a petitioner must file a motion for

postconviction relief within two years of the criminal judgment, and any motion

filed outside of that two-year period may not be considered unless the motion

alleges that the facts on which the claims for relief are predicated could not have

been discovered earlier by the exercise of due diligence.  Fla. R. Crim. P.

3.850(b)(1) (providing that no motion "shall be filed or considered pursuant to

[Rule 3.850] if filed more than 2 years after the judgment and sentence become

final unless it alleges that [] the facts on which the claim is predicated were

unknown to the movant . . . and could not have been ascertained by the exercise of

due diligence.")

15

The postconviction court's order clearly relied on Rule 3.850(b)(1) in denying the successive motion, as it (1) explained that Kimbrough had not demonstrated that he had newly discovered evidence, and (2) in support of that conclusion, cited Florida case law that discussed Rule 3.850's newly discovered evidence exception to the two-year time limit. *See Judd*, 250 F.3d at 1313. Kimbrough notes that the postconviction court also cited his guilty plea as a reason for denying relief, which, he argues, indicates that the court did not rely solely on Rule 3.850 to deny his motion. But that is not how we read the postconviction court's order. The postconviction court unequivocally stated—albeit without explanation—that the successive motion failed because "[t]he example given by [Kimbrough] [was] not newly-discovered evidence." Doc. 30-6 at 68. Only after reaching that conclusion did the postconviction court cite an alternative ground for denying the motion: Kimbrough's waiver of his right to challenge any issues arising prior to his plea by pleading guilty. The court's identification of an alternative ground for denial does not change that it denied the motion for failure to comply with Rule 3.850. *See Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (holding that a state postconviction court's decision rested on an independent and adequate state procedural ground even where the court identified an alternative, merits-based ground for denial).

16

Further, the denial rested solely on state procedural grounds rather than federal law. The postconviction court did not cite to or otherwise reference federal law in its denial; its ruling was not intertwined with federal law. *See Judd*, 250 F.3d at 1313. And the procedural rule was adequate to support the denial. *See id*. For his successive motion to be timely, Kimbrough was required under Rule 3.850(b)(1) to demonstrate that newly discovered evidence—that is, evidence that he could not have discovered earlier through the exercise of due diligence—supported his competency claims, and the postconviction court concluded the purported new evidence failed to meet that standard. Further, Kimbrough has pointed to nothing in the record showing that the postconviction court's denial on that ground was arbitrary, unprecedented, or manifestly unfair.[5] We are satisfied that the decision rested on an independent and adequate state procedural ground; we next consider whether Kimbrough can overcome the procedural default such that we can review his claims on federal habeas.

---

[5] Kimbrough argues that the postconviction court's "finding that [his] claims were not based on newly discovered evidence is manifestly unfair" because it was based in part on "an incorrect understanding that [he] previously raised the same competency claim" in his prior Rule 3.850 motions. Reply Br. at 13. We disagree that the postconviction court's application of Rule 3.850 was manifestly unfair. Even if, as Kimbrough now argues, the postconviction court incorrectly concluded that he was raising the same competency claim as his earlier Rule 3.850 motions, he nonetheless was required to comply with Rule 3.850(b)(1) because his motion was filed more than two years after the state court entered judgment.

## C.     Cause and Prejudice

To overcome this procedural default, Kimbrough must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (1991).[6]

Kimbrough advances two reasons why he had cause for any default of his due process claim:  (1) Reid's ineffectiveness in misadvising him that the trial court had ruled on the motion; and (2) an "objective external impediment."  Reply Br. at 8–9.  As to (1), Reid's ineffectiveness cannot supply "cause" for the purposes of overcoming the procedural default on his due process claim.  That is because, as we determined above, his ineffective assistance claim itself is procedurally defaulted.  That claim could only serve as cause to excuse the procedurally-defaulted due process claim if the ineffective assistance claim itself satisfied the cause and prejudice standard.  *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that an ineffective assistance claim can only supply cause to overcome the procedural default of another constitutional claim if the petitioner can show that cause and prejudice excused the procedural default of the ineffective

---

[6] On appeal, Kimbrough does not argue that a fundamental miscarriage of justice excuses the procedural default.  Thus, he has abandoned that argument, and we do not consider it.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that, when an appellant fails to raise an issue on appeal, the issue is deemed abandoned, and we will not consider it).

assistance claim itself).  Kimbrough has not argued that the ineffective assistance claim itself is excused by cause and prejudice, so he cannot rely on it to show cause to overcome his procedural default of the due process claim.  *See id; see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

As to (2), Kimbrough asserts that the trial court's failure to properly manage its case docket constitutes an objective factor that prevented him from raising his procedural due process claim earlier.  Whether the trial court's mismanagement of its docket constitutes "cause" is a closer question, but we conclude that Kimbrough has not made the requisite showing.  True, it was through no fault of Kimbrough's own that the trial court never acted on the motion for a competency hearing.  *See Alexander v. Dugger*, 841 F.2d 371, 374 (11th Cir. 1988) (holding that petitioner demonstrated cause for procedural default where his attempt to comply with a state procedural rule "was frustrated through no fault of his own").  But even though Kimbrough mistakenly thought the court had granted his competency motion and then vacated its ruling, he could have raised essentially the same due process claim in his initial Rule 3.850 motion that he raised in his successive Rule 3.850 motion—namely, that the trial court failed to hold a competency hearing.  Nothing about his claim was particularly novel, such that he was prevented from raising it on direct appeal or in his first Rule 3.850 motion.  *See Reed v. Ross*, 468 U.S. 1, 16 (1984) (holding that, "where a constitutional claim is so novel that its legal basis is

19

not reasonably available," a defendant has "cause" to overcome procedural default).  Nor was Kimbrough unfamiliar with the essential facts of his claim; he knew that his original counsel had filed a competency motion, and he knew that the court never held a hearing to determine whether he was competent.  Kimbrough could have raised the issue of his competency at any time after his counsel filed the competency motion once he realized that he had not gotten a hearing, yet he failed to do so.  We are unconvinced that the court's mismanagement of its docket prevented Kimbrough from raising his competency claim before the two-year time for filing a Rule 3.850 motion expired.

In sum, Kimbrough has failed to show "cause" to overcome the procedural default.  His due process claim is thus procedurally barred from federal habeas review.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Kimbrough's § 2254 petition.

**AFFIRMED.**

20